LAW OFFICES OF CARL M. VARADY
CARL M. VARADY
Pauahi Tower
1003 Bishop Street, Suite 1730
Honolulu, Hawaiʻi  96813
Telephone:  (808) 523-8447
e-mail: carl@varadylaw.com
http://varadylaw.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| I.N., by and through his parents, JEREMY N., and RHONDA N., <br><br>　　　　Plaintiffs,<br>　vs.<br><br>STATE OF HAWAIʻI, DEPARTMENT OF EDUCATION<br><br>　　　　Defendant. | CV<br><br>(CIVIL RIGHTS: EDUCATION)<br><br>COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF**

Plaintiffs, by and through their undersigned attorney, hereby file this complaint:

**JURISDICTION AND VENUE**

1.　This is civil action arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400-1487 and the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"). This court has jurisdiction over Plaintiffs' federal

law claims pursuant to 28 U.S.C. § 1331 and 1343(a)(3) and all conditions precedent to the exercise of jurisdiction under these statutes and 20 U.S.C. § 1415(i)(1)(A) and 29 U.S.C. § 794 have been satisfied.

2. Venue in this district is proper under 28 U.S.C § 1391(b). All Defendants reside and the claims arose within the District of Hawaiʻi.

3. Declaratory relief is authorized by 28 U.S.C. §§ 2201-02.

## FACTS.

4. Plaintiffs Capt. Jeremy N. and Rhonda N. are parents of a disabled child (hereafter referred to as "I.N.") eligible for services under IDEA. Plaintiffs resided in Honolulu, Hawaiʻi at the time the events giving rise to this cause took place. The initials of the child and the last initials of the parents are used in this case to preserve their privacy by protecting the identity of the minor child I.N.

5. Defendant, State of Hawaiʻi, DEPARTMENT OF EDUCATION (hereafter "Defendant"), is a body politic that provides special education and related services to disabled children under IDEA.

6. I.N. is of average or above-average intelligence in most areas and is able to make meaningful progress in his educational program with specialized instruction and related services to address his physical limitations. Although he is mobile with crutches, a walker, or a wheel chair, and can perform self care, I.N.

requires nursing assistance during the day because he is catheterized as a consequence of his spina bifida.  I.N. received these nursing and other related services under his then-existing Individualized Educational Plan ("IEP") before his father, a commissioned officer in the U.S. Army, was transferred to Hawai'i in 2021.

7. When Plaintiffs arrived in Hawai'i, Defendant refused to provide the skilled nursing assistance required in I.N.'s IEP and demanded that I.N.'s mother come to school to do so, even though she had a preschool-aged daughter at home and another daughter in elementary school.

8. A request for due process hearing pursuant to 20 U.S.C. § 1415 was made by plaintiff parents on August 6, 2021, concerning I.N.'s special education and related services, in which the plaintiff parents alleged I.N. had been denied a free appropriate public education ("FAPE"), including the required skilled nursing care.

9. After the demand for hearing, the plaintiff parents and Defendant entered into resolution IEP meetings and reached settlement agreement attached hereto as Exhibit 1.  Among other matters, the settlement agreement required Defendant to provide skilled nursing care for I.N., who, at the time, had had more than 20 operations to address physical disabilities, including brain surgery.

10. The settlement agreement was the product discussion of the IEP team in I.N.'s IEP resolution meetings.

11. Defendants subsequently attempted to unilaterally cut I.N.'s occupational therapy and other related services in the following school year and refused to I.N.'s parents' request for an Independent Educational Evaluation ("IEE").

12. It is mandatory that Defendants provide the requested IEE under 20 U.S.C. 1415(d)(2)(A) and 34 C.F.R. § 300.502(a)(3)(I).

13. When the Department of Education refuses to provide the requested IEE, it must file a request for due process against the parents, which Defendant did on June 16, 2022.

14. A hearing concerning I.N.'s special education and related services was held pursuant to 20 U.S.C. § 1415 on September 6-8, 2022, in which the plaintiff parents sought a ruling that the Defendant had denied I.N. a FAPE.

15. The hearing resulted in a decision issued on October 28, 2022, in which the Administrative Hearings Officer found in the I.N.'s and his parents favor, ruling that I.N. had been denied a FAPE. The decision is attached hereto as Exhibit 2.

16. Defendant has refused to provide the reimbursement for the IEE ordered by the Administrative Hearings Officer, unless plaintiff parents provide an IRS W-9 form that Defendant requires, stating the Defendant considers plaintiff parents to be considered "parent Supplier[s]" under some unidentified regulation.

17.    The purpose of a W-9 is to gather tax information from a vendor.

18.    Plaintiff parents are not "vendors."

19.    Plaintiff parents declined to sign a W-9 as the payment from the Defendant is reimbursement pursuant to IDEA, not procurement payment pursuant to HRS § 103D-310(c), the state procurement statute.

20.    As a result of the IEP resolution agreement and the Administrative Hearing Officer's decision, Plaintiffs "prevailing parties" and, thus eligible to collect reasonable attorneys' fees and costs incurred in producing the settlement and decision pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I) and 29 U.S.C. § 794(a).

## FIRST CLAIM FOR RELIEF

21.    Administrative hearings were requested by Plaintiffs and Defendants pursuant to 20 U.S.C. § 1415, which led to resolution in the Plaintiffs' favor though: (a) settlement of such claims in 2021 as a product of the IEP resolution process; and (b) a hearing in which an Administrative Hearing Officer employed by the Defendant ruled that I.N. had been denied FAPE in 2022, and ordered relief, including, without limitation, reimbursement to the parents mandated by 20 U.S.C. 1415(d)(2)(A) and 34 C.F.R. § 300.502(a)(3)(I).

22.    Defendant has refused to follow the Administrative Hearing Officer's ruling and demanded that plaintiff parents provide Defendant with an IRS

W-9 form before Defendant would reimburse the parents.

23. Defendant is obligated by 20 U.S.C. 1415(d)(2)(A) and 34 C.F.R. § 300.502(a)(3)(I), and the Administrative Hearing Officer's decision to reimburse plaintiff parents.

24. Defendant's demand that plaintiff parents provide an IRS W-9 form is unlawful in violation of 20 U.S.C. 1415(d)(2)(A) and 34 C.F.R. § 300.502(a)(3)(I) and the Administrative Hearing Officer's decision.

25. Plaintiffs are entitled to recover their experts' fees under 29 U.S.C. § 794(a) incurred in the hearing instigated by Defendant.

26. Defendant has refused to reimburse Plaintiffs for their expert witnesses' fees incurred in the hearing instigated by Defendant.

27. Defendant did not appeal or otherwise challenge the settlement or Administrative Hearing Officer's decision.

28. The period of appeal for the Administrative Hearing Officer's decision now has expired.

29. Plaintiffs are prevailing parties and entitled to reasonable attorneys' fees and costs incurred in producing the settlement in the IEP resolution process and the due process hearing pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I) and 29 U.S.C. § 794(a).

30. Attorneys' fees and Plaintiffs' litigation costs remain unpaid for

all Plaintiffs.

WHEREFORE, Plaintiffs pray that this Court:

1. Declare that Defendant's demand that the plaintiff parents sign and provide Defendants IRS W-9 forms before the parents are reimbursed for special education and related services that parents obtained or provided, including IEEs, is unlawful;

2. Declare that HRS § 103D-310(c), governing state procurement contracts, does apply to a parent's reimbursement for special education or related services under IDEA;

3. Order that Defendants immediately reimburse plaintiff parents for the IEE they obtained;

4. Award reasonable attorneys' fees and costs, including expert fees recoverable under 29 U.S.C. § 794(a) incurred by Plaintiffs in the underlying due process cases and this lawsuit; and,

5. Award such other relief as is appropriate.

DATED: Honolulu, Hawai'i, February 21, 2024.

*Carl M. Varady*
CARL M. VARADY
Attorney for Plaintiffs